IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COREY SANDERS, 225 939, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-566-MHT |
| | ) | [WO] |
| MATTHEW COOKE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Limestone Correctional Facility in Harvest, Alabama, files this 42 U.S.C. § 1983 against Officer Matthew Cooke and the Alabama Department of Corrections ["ADOC"]. Upon review, the court concludes that dismissal of Plaintiff's claims against the ADOC is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

The Alabama Department of Corrections is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Because Plaintiff's complaint against the Alabama Department of Corrections is "based on an indisputably meritless legal

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

theory," this defendant is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant Alabama Department of Corrections be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2. Defendant Alabama Department of Corrections be DISMISSED as a party to the complaint; and

3. This case regarding the remaining defendants be referred to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 4, 2015**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661

F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Done this 21st day of October, 2015.

                                        /s/ Wallace Capel, Jr.
                                        WALLACE CAPEL, JR.
                                        UNITED STATES MAGISTRATE JUDGE